[Nos. G003802, G004429. Fourth Dist., Div. Three. Aug. 26, 1988.]

SHERRY H. et al., Plaintiffs and Respondents, v.
THOMAS B., Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976(b), parts I through V are not published, as they do not meet the standards for publication.

COUNSEL

Turner, Cooper & Reynolds, Frederick E. Turner, Ronald S. Cooper, Steven J. Wilson and John M. Pitkin for Defendant and Appellant.

John K. York and Celinda Tabucchi for Plaintiffs and Respondents.

OPINION

SONENSHINE, Acting P. J.—Thomas B. challenges a jury verdict finding him to be the father of Sherry H.'s daughter, Elizabeth. In a separate appeal, Thomas contends the trial court lacked jurisdiction to award attorney fees to Sherry pending the outcome of his appeal from the paternity adjudication. Having consolidated the appeals on our own motion, we now conclude any error in the conduct of the paternity trial was harmless and the order awarding Sherry attorney fees on appeal was proper.

## I.-V.*

. . . . . . . . . . . . . . . . . . . . . . .

## VI.

After Thomas filed his notice of appeal from the judgment of paternity, Sherry filed an order to show cause for attorney fees on appeal. She also served Thomas with a notice to produce certain financial documents at the hearing. Thomas initially objected to the production of those documents but thereafter stipulated he was able to pay any reasonable amount.

The court ordered Thomas to pay $7,500 in attorney fees.[10] It also ordered the financial documents be returned to him. Thomas complied with the fee order.[11]

The gist of Thomas' argument is the court lacked jurisdiction to make *any* fee award until paternity was "finally adjudicated" on appeal. Relying on our decision in *Thomas B.* v. *Superior Court* (1985) 175 Cal.App.3d 255 [220 Cal.Rptr. 577], and viewing attorney fees as a form of permanent support, he contends there can be no final determination of support because there has been no final adjudication of paternity. As we shall explain, he is wrong.[12]

But first, we reject Thomas' contention his appeal from the paternity judgment divested the court of jurisdiction, pursuant to Code of Civil Procedure section 916, to award attorney fees. "The purpose of the rule depriving the trial court of jurisdiction pending appeal in civil actions is to protect the jurisdiction of the appellate court; the rule prevents the trial court from rendering the appeal futile by changing the judgment into something different. [Citations.] Accordingly, whether a matter is 'embraced' in or

---

* See footnote 1, *ante,* page 1500.

[10] The order reads, in pertinent part: "As a preliminary award of attorney fees for appeal, without prejudice to [Sherry's] right to petition this court for further attorney fees to prosecute this matter on appeal, the court orders [Thomas] to pay to counsel for [Sherry] . . . the sum of $7,500.00, payable forthwith."

[11] Payment was made only after Sherry moved to dismiss the appeal. We denied the motion but ordered Thomas to comply with the fee order, indicating failure to do so would result in dismissal.

[12] Thomas also argues "as a result of the order of the trial court, [he] has no way of recovering these attorneys' fees from [Sherry] in the event that the judgment of paternity is ultimately reversed."

A reversal of the paternity judgment would not, of course, have impacted the propriety of the fee award.

'affected' by a judgment within the meaning of Code of Civil Procedure section 916 depends on whether postjudgment proceedings on the matter would have any effect on the 'effectiveness' of the appeal. [Citation.]" (*In re Marriage of Horowitz* (1984) 159 Cal.App.3d 377, 381 [205 Cal.Rptr. 880].)

Here, the challenged attorney fee order is merely collateral to the paternity judgment. The award itself has no relationship to the effectiveness of Thomas' appeal from the paternity adjudication. Furthermore, it is absurd to think an appeal could deprive the trial court of the ability to award attorney fees to defend the appeal.

The critical language in *Thomas B.* v. *Superior Court, supra,* 175 Cal.App.3d 255 is the following: "[A]n action to establish parentage is essentially comprised of four component parts: a prima facie showing of paternity for purposes of pendente lite support; a determination of an appropriate temporary award; the final adjudication of paternity; and a determination of permanent support (subject, of course, to subsequent modification upon a showing of changed circumstances). Each must be determined at a *separate* hearing. [¶] The effect of our holding is to require the trial court to bifurcate the issue of paternity (both prima facie and final adjudications) from that of support. Although Thomas' bifurcation motion was denied and the parties anticipate both issues will be litigated at the *same* trial, Thomas need not produce *any* documents until paternity is finally determined. If Sherry is successful at the first phase of the proceeding, the trial must be continued to provide her ample time to review Thomas' records, including his tax returns." (*Id.,* at pp. 265-266, fn. omitted.)

The term "final adjudication of paternity" as used in *Thomas B.* refers to the *determination made at trial,* independent of and notwithstanding any appeal. It is no coincidence each reference in the opinion to "final adjudication" follows a reference to "prima facie" or "temporary." Indeed, the term "final adjudication" was used to distinguish the adjudication made at the trial from the one made at the interim order to show cause hearing; the term "final" was not intended to mean "after affirmed on appeal."[13] In any event, viewing the attorney fee award as a form of interim support, a position espoused by Sherry, the trial court clearly had jurisdiction to modify the

---

[13] Nor does an appeal negate the conclusive determination of paternity made at trial for purposes of compelling production of tax returns.

award and to resort to Thomas' personal financial records to do so.[14] The judgment and order are affirmed. Respondents to receive costs on appeal.[15]

Wallin, J., concurred.

Crosby, J., concurred in part VI only.

Dissenting opinion of Crosby, J., not certified for publication.

---

[14] Thomas asserts he should not have been required to produce financial documents at the hearing; hence, any ruling based on the documents produced was erroneous. We fail to see his point.

After Thomas stipulated he was capable of paying any reasonable amount of attorney fees, the documents were returned to him. The challenged order was not based on the documents produced.

[15] Sherry contends Thomas' appeal from the attorney fee award is frivolous and warrants the imposition of sanctions. We disagree.

"[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) Neither element is present here.