Filed 9/21/16  Lambert v. Francis CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DIANE RENEE LAMBERT,<br><br>    Cross-complainant and Respondent,<br><br>v.<br><br>JOANIE FRANCIS et al.,<br><br>    Cross-defendants and Appellants. | H041665<br>(Santa Clara County<br>Super. Ct. No. 1-03-CV011268) |

This case is before us for the third time.  Appellants and Century 21 Alpha agents Joanie Francis and Rich Robinson challenge what they characterize as an improper post-judgment award of statutory attorney's fees to respondent Diane Renee Lambert.  They argue (1) that Lambert's October 17, 2014 "Motion for Recovery of Attorney's Fees, Costs and Expenses" was untimely, (2) that the statutory time period for filing a fees motion was not stayed by the filing of an appeal or by Century 21 Alpha's bankruptcy, (3) that "at the very least" the award of fees that Lambert incurred on appeal must be reversed, (4) that if the fees award is not reversed it should be reduced by 50 percent, and (5) that the costs award to Lambert must be reversed.  We affirm.

# I. Background[1]

## A. *Dalton I*

Plaintiffs Vera Dalton and William Corbin (collectively, the buyers) purchased a house from Lambert.[2] Francis and Robinson represented the buyers as well as Lambert in the transaction. The buyers sued Lambert and Francis and Robinson based on a misrepresentation that the property, which used a dilapidated septic system, was connected to the public sewer. The buyers prevailed in a 2005 jury trial and obtained a damages award against all defendants. In a post-judgment order dated December 16, 2005, the trial court awarded the buyers $50,000 in attorney's fees and costs against all defendants. The court ruled that Lambert was entitled to indemnification from Francis and Robinson for damages and attorney's fees and costs awarded to the buyers against her.

All parties appealed from the December 16, 2005 order. This court held that the trial court lacked jurisdiction to enter the order. The court reversed the order, directed the trial court to reinstate an earlier post-judgment order, and remanded the case for further proceedings. The court also ruled that the parties should bear their own costs on the *Dalton I* appeal.

---

[1] The facts are taken in large part from our prior decisions in this matter. (*Dalton v. Century 21 Alpha* (Dec. 20, 2007, H029904 [nonpub. opn.] (*Dalton I*); (*Dalton v. Francis* (July 11, 2014, H033247 [nonpub. opn.] (*Dalton II*).) Francis and Robinson note that we took judicial notice in *Dalton II* of the *Dalton I* decision. They ask that we now take judicial notice of the *Dalton II* decision. We grant the unopposed request. On our own motion, we also take judicial notice of the *Dalton I* decision. (Evid. Code, §§ 451, subd. (a); 452, subds. (a); *D'Arrigo Bros. of California v. United Farmworkers of America* (2014) 224 Cal.App.4th 790, 795, fn.1.)

[2] The plaintiffs are no longer involved in the case.

## B. Proceedings on Remand

On April 16, 2008, the trial court issued an order restating its earlier post-judgment order. The parties filed various motions seeking clarification of the April 16, 2008 order. On June 13, 2008, the trial court awarded the buyers $262,905.50 in contractual attorney's fees and costs against Lambert. The court ruled that Lambert was entitled to "total implied equitable indemnity" from Francis and Robinson for the entire amount. The court also ruled that Lambert could recover her own attorney's fees and costs from Francis and Robinson under the tort of another doctrine.

## C. *Dalton II*

Francis and Robinson noticed an appeal from the June 13, 2008 order. Century 21 Alpha declared bankruptcy a week later. The bankruptcy stay caused the trial court to take Francis's and Robinson's then-pending motion to strike and/or tax costs claimed by Lambert off calendar. Francis and Robinson re-noticed their motion to strike and/or tax Lambert's costs when the bankruptcy stay was lifted in 2011.[3] On November 7, 2011, the trial court issued an order largely denying their motion. Francis and Robinson filed a separate appeal from the November 7, 2011 order.

This court ordered both appeals considered together for briefing, oral argument, and decision. We reversed the trial court's June 13, 2008 order and remanded the case with directions that the trial court enter a new order (1) vacating its April 16, 2008 order; (2) awarding the buyers $262,905.50 in costs and contractual attorney's fees against Lambert; (3) denying Lambert's motion for equitable indemnity from Francis and Robinson for that amount; and (4) granting Lambert's motion to recover her own

---

[3] A permanent stay of proceedings against Century 21 Alpha was entered when its chapter 11 reorganization plan was approved in 2011. Century 21 Alpha is no longer involved in this case.

3

attorney's fees and costs as tort of another damages from Francis and Robinson. We also modified the trial court's November 7, 2011 costs order to disallow Lambert's recovery of $1,550 in filing and motion fees incurred and affirmed the order as modified. We ruled that the parties should bear their own costs on the *Dalton II* appeal. The remittitur issued on August 26, 2014.

### D. Proceedings on Remand

On October 17, 2014, Lambert filed a motion to recover $195,983.32 in attorney's fees, costs, and expenses from Francis and Robinson. Her motion papers made it clear that she sought recovery of that amount not pursuant to contract or statute but instead as *damages* under the tort of another doctrine. Lambert's counsel submitted a detailed declaration supporting the amounts claimed.

Francis and Robinson opposed the motion. They argued that it was untimely under California Rules of Court, rule 3.1702, that the time period for filing a fees motion was not stayed by Century 21 Alpha's bankruptcy or by the *Dalton I* appeal, that Lambert was not entitled to recover fees that she incurred on appeal because "[t]he ruling by the Court of Appeal on <u>both</u> occasions was that each party shall bear their own costs on appeal," and that Lambert's claim for costs should be stricken "because the issue of costs has already been litigated and decided." Francis and Robinson also argued that any award of attorney's fees should be reduced by 50 percent because Lambert "incurred $104,060.01 in attorney's fees on a simple damage claim which the jury decided was only worth $85,495."

Lambert argued in reply that her motion was timely because her entitlement to tort of another damages was not finally established until the remittitur issued on August 26, 2014. She explained that the trial court's post-remittitur order directing her to submit a motion for attorney's fees and costs was filed on October 2, 2014, and that her motion was filed 15 days later. She reiterated that she was seeking *damages* suffered as a

4

result of Francis's and Robinson's tortious conduct, not statutory or contractual attorney's fees.

At the November 13, 2014 hearing, Lambert's trial counsel repeated that Lambert sought damages under the tort of another doctrine. He argued that her motion was timely because "the issue that went up on appeal was entitlement" to tort of another damages, "and I do not see how the measure of those damages could be separated from the entitlement [to] those damages. Until Lambert was entitled to those damages, we could not move the . . . trial court to determine the amount of those damages."

Counsel for Francis and Robinson characterized Lambert's argument as "shameful." He asserted that Lambert's counsel was "try[ing] to get in this motion another $65,000 in fees and costs for working the appeal when the Appellate Court said he didn't get them." Counsel maintained that Lambert's motion sought statutory attorney's fees and costs. "We're not talking about some esoteric theory of damages. He's asking for attorney's fees in this matter."

The trial court took the matter under submission and subsequently granted Lambert's motion. The court's November 13, 2014 order stated that Lambert "shall recover her own attorney's fees and costs in the amount of $195,008.32 as tort of another damages . . . ." Francis and Robinson filed a timely notice of appeal.

## II. Discussion

### A. California Rules of Court, Rule 3.1702(b)(1)[4]

Francis and Robinson contend that Lambert's motion was untimely under rule 3.1702(b)(1). We disagree.

---

[4]     All further references to rules are to the California Rules of Court.

Rule 3.1702 provides that "[a] notice of motion to claim attorney's fees up to and including rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal . . . ." (Rule 3.1702(b)(1).) By its express terms, the rule "applies in civil cases to claims for statutory attorney's fees and claims for attorney's fees provided for in a contract." (Rule 3.1702(a).) Lambert sought neither. She sought tort of another damages. Rule 3.1702 says nothing about tort of another damages. The rule has no application here.

Francis and Robinson nevertheless maintain that "[r]ule 3.1702 applies to all motions for attorney's fees, not just motions for statutory attorney's fees and claims for attorney's fees provided for in a contract." They quote a statement to that effect from *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422 (*Sanabria*), but their reliance on *Sanabria* is misplaced.

"Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524.) *Sanabria* says nothing about tort of another damages or when a motion claiming such damages must be filed. The *Sanabria* court considered whether former rule 870.2 (renumbered as rule 3.1702 eff. Jan. 1, 2007) governed motions for attorney's fees filed after voluntary dismissals. The court explained that the issue arose because the former rule related the time for filing a fees motion to the time for filing a notice of appeal. Because voluntary dismissals are generally not appealable, "some cases have speculated, in dicta, that perhaps . . . rule 870.2 is inapplicable to motions for attorney fees following voluntary dismissals, and there is therefore no time period within which such motions must be filed." (*Sanabria*, *supra*, 92 Cal.App.4th at p. 427.)

In rejecting such speculation, the *Sanabria* court discussed the legislative history of the rule and in particular, an amendment that was proposed in 1992 and later adopted. The court specifically noted that the proposed amendment addressed "the procedure for

6

all claims for attorney fees *under statute or contract*." (*Sanabria*, *supra*, 92 Cal.App.4th at p. 427, italics added.) The court found it "apparent" from the legislative history that "any omission in the language of the rule with respect to setting forth time limits for moving for attorney fees after the entry of voluntary dismissal was wholly inadvertent." (*Id.* at pp. 428-429.) The court concluded that former rule 870.2 governed the *Sanabria* defendants' motion for attorney's fees, which was not filed within 60 days after service of the plaintiff's notice of entry of dismissal and was therefore untimely. (*Sanabria*, at pp. 428-429.) In the context of the facts of the *Sanabria* case, the court's statement that former rule 870.2 "was adopted in order to provide time limits within which all motions for attorney fees in civil cases must be made" provides no support for Francis's and Robinson's position. (*Sanabria*, at p. 428.)

## B. Stay Pending Appeal

Francis and Robinson contend that the time for filing Lambert's fees motion was not stayed by the filing of the *Dalton I* appeal. They assert that "numerous cases . . . hold that trial courts retain jurisdiction to rule on motions for attorney's fees even after a notice of appeal has been filed." The cases that they string cite do not advance their position. Those cases are easily distinguished because all of them addressed motions to recover statutory or contractual attorney's fees. (*Nazemi v. Tseng* (1992) 5 Cal.App.4th 1633, 1641 [motion to recover contractual attorney's fees as an item of costs not automatically stayed by filing of an appeal]; *In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1039 [trial court's power to enforce temporary support orders and attorney's fee orders in marriage dissolution cases continues during the pendency of any appeal]; *Sherry H. v. Thomas B.* (1988) 203 Cal.App.3d 1500, 1502 [appeal from paternity judgment does not divest trial court of jurisdiction to award statutory attorney's fees]; *Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 360 [trial court retains jurisdiction to award statutory attorney's fees.].) Those cases are inapposite because

7

Lambert did not seek statutory or contractual attorney's fees. (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 372 ["Obviously, cases are not authority for propositions not considered therein."].)

### C. Bankruptcy Stay

Francis and Robinson next contend that Lambert's fees motion was untimely even if Century 21 Alpha's August 15, 2008 bankruptcy filing stayed all proceedings in the trial court. They assert that Lambert could have filed her fees motion before August 15, 2008, and in any event should have filed it within 60 days after the bankruptcy stay was lifted in 2011. We reject the argument. The 60-day rule on which Francis and Robinson rely applies to motions for statutory or contractual attorney's fees. (Rule 3.1702.) We have already decided that the rule has no application here.

### D. Attorney's Fees Incurred on Appeal

Francis and Robinson next contend that the trial court's award to Lambert of attorney's fees incurred on appeal must "at the very least" be reversed because this court's ruling "on both [the *Dalton I* and *Dalton II* appeals] was that each party shall bear their own costs on appeal." The argument lacks merit. Francis and Robinson continue to confuse the right to recover statutory or contractual attorney's fees as an item of costs (Code Civ. Proc., § 1033.5, subd. (a)(10)) with the right to recover attorney's fees as tort of another damages. In the tort of another context, "we are not dealing with 'the measure and mode of compensation of attorneys' but with damages wrongfully caused by [Francis's and Robinson's] improper actions." (*Prentice v. North American Title Guaranty Corp.* (1963) 59 Cal.2d 618, 621 (*Prentice*).) In *Dalton II*, we explained the distinction between statutory and contractual attorney's fees on the one hand and tort of another damages on the other hand. (*Dalton II*, *supra*, H033247.) We need not repeat that explanation here. This court's prior rulings that the parties should bear their own

8

costs on appeal do not affect Lambert's entitlement to recover her attorney's fees on appeal as tort of another damages.  (*Ibid.*)

### E.  Allegedly Excessive Fees

Francis and Robinson next contend that the trial court abused its discretion in awarding Lambert $104,060.01 in attorney's fees incurred in the trial court on "a simple damage claim which the jury decided was only worth $85,495."  They assert that that amount should be reduced by 50 percent because Lambert "failed to justify her attorney's fees" and the award was "clearly excessive."  We disagree.

We reject the contention that Lambert "failed to justify" the attorney's fees she incurred in the trial court.  Her trial counsel submitted a sworn declaration that explained his firm's hourly billing rates as compared to rates charged by comparable local firms.  He attached itemized billing statements that described the specific tasks performed by him or by his legal assistant under his supervision, the dates on which those tasks were performed, the amount of time spent on each, and the fee charged.  This evidence was more than adequate to support the trial court's determination of the "reasonably necessary" attorney's fees to which Lambert was entitled as damages under *Prentice*.  (*Prentice*, *supra*, 59 Cal.2d at p. 620.)  "[T]he trial court has broad authority to determine the amount of a reasonable fee."  (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*Drexler*).)  " 'The "experienced trial judge is the best judge of the value of professional services rendered in his court . . . ." ' "  (*Ibid.*)  Consequently, " '[t]he amount to be awarded in attorney's fees is left to the sound discretion of the trial court.' "  (*Ibid.*)  That determination " ' "will not be disturbed unless the appellate court is convinced that it is clearly wrong." ' "  (*Ibid.*)

Francis's and Robinson's argument that Lambert incurred $104,060.01 in attorney's fees on a "simple damage claim" that the jury decided was "only worth $85,495" does not allow us to say that the amount the trial court awarded was clearly

9

wrong.  (*Drexler*, *supra*, 22 Cal.4th at p. 1095.)  In *Stokus v. Marsh* (1990) 217 Cal.App.3d 647 (*Stokus*), the court affirmed an award of $75,000 in attorney's fees to the plaintiff, who recovered possession and damages in an unlawful detainer action that was "tenaciously over-litigated." (*Id.* at pp. 651, 653.)  The court held that the amount was "reasonable in light of the work required to be done" although the plaintiff recovered only $6,166 in damages.  (*Id.* at pp. 651, 654.)

This case too was " 'tenaciously litigated,' " as the trial court expressly found. (*Dalton II*, *supra*, H033247.)  The trial court noted that the case " 'went through three mediation sessions.' " (*Ibid.*)  "Almost three dozen depositions were taken.  'Nine experts were called as witnesses.'  Trial took 11 days." (*Ibid.*)  In these circumstances, Francis's and Robinson's argument that the jury awarded the plaintiffs less than the amount Lambert incurred in attorney's fees does not persuade us that the trial court abused its discretion in awarding her those fees.

Francis and Robinson identify no other basis on which we might conclude that the trial court abused its discretion in determining the amount of fees to which Lambert was entitled under *Prentice.*  Nowhere in their briefs is there any argument that the hourly rates charged by Lambert's trial counsel's firm were unreasonable, that any task performed was unnecessary, or that the amount of time expended on any task was inappropriate, unreasonable, or duplicative.

Nowhere in the record before us is there any evidence that Francis and Robinson raised any specific objection in the trial court to the rates charged, the hours spent, or the work performed.  This is fatal to their claim that the trial court's award of $104,060.01 in attorney's fees incurred in the trial was "clearly excessive."  "In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence.  General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Premier Medical Management Systems, Inc. v. California*

10

*Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.) Francis's and Robinson's failure to properly raise their excessive fees argument in the trial court has forfeited the argument on appeal. (*Ibid*.)

### F. Alleged Double Recovery of Costs

Francis and Robinson contend that the trial court's award to Lambert of costs in addition to those claimed in her June 27, 2008 costs memorandum must be stricken "because the issue of costs has already been litigated and decided" and Lambert should not be allowed a "double recovery." The argument lacks merit.

There was no double recovery here. Lambert's June 27, 2008 costs memorandum identified $13,706.16 in costs incurred before that date. The trial court's November 7, 2011 order allowed that amount, but Lambert did not then recover it because Francis and Robinson appealed from the November 7, 2011 order. In *Dalton II*, we held that the amount the trial court allowed improperly included $1,550 in filing and motion fees. We modified the November 7, 2011 order to disallow that amount and affirmed the order as modified, thus authorizing Lambert's recovery of $12,156.16 in costs incurred before June 27, 2008. On remand in 2014, Lambert sought to recover those costs plus an additional $17,569.65 in costs incurred after June 27, 2008, for a total of $29,725.81. We reject Francis's and Robinson's "double recovery" argument.

We also reject their two-sentence argument that "[t]he costs issue has already been decided. It is res judicata and collateral estoppel." "When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Here, the argument also fails on the merits. "Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. [Citation.]" (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) The doctrine applies "only if several

threshold requirements are fulfilled.  First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding." (*Ibid.*)  That requirement is not satisfied here.  The trial court's November 7, 2011 order addressed the costs Lambert incurred before June 27, 2008.  The order did not address the additional $17,569.65 in costs that Lambert incurred after June 27, 2008.  Because these issues are not identical, the doctrine of collateral estoppel did not bar the trial court from considering Lambert's request to recover later-incurred costs.  (*Ibid.*)

## III.  Disposition

The judgment is affirmed.  Lambert shall recover her costs on appeal.

_____
Mihara, J.

WE CONCUR:


_____
Elia, Acting P. J.


_____
Grover, J.


*Lambert v. Francis et al.*
H041665

13