Filed 8/25/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re Marriage of NOEMI M. MENDOZA and ELIAS R. CUELLAR. | |
| NOEMI M. MENDOZA, <br><br> Appellant, <br><br> v. <br><br> ELIAS R. CUELLAR, <br><br> Respondent. | G053820 <br><br> (Super. Ct. No. 14D004292) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sherri L. Honer, Judge. Affirmed.

Law Office of Worth L. Nicholl and Worth L. Nicholl for Appellant.

No appearance for Respondent.

\*          \*          \*

Noemi M. Mendoza appeals the denial of her request to make a permanent spousal support order retroactive to the filing date of her petition for marriage dissolution. The trial court based its denial on Mendoza's failure to request temporary spousal support. We agree such failure was fatal to Mendoza's retroactivity request. Unlike with temporary spousal support, a court's discretion to make a permanent spousal support order retroactive is limited by Family Code section 4333.[1] The statute allows retroactivity only to the date of filing of the notice of motion or order to show cause regarding permanent support, not to the initiation of the action. We, therefore, affirm the judgment.

## FACTS

In May 2014, Mendoza filed a petition for dissolution, seeking to dissolve her more than 22-year long marriage to Elias R. Cuellar. She used the relevant Judicial Council form for the petition and checked the box indicating she was seeking spousal support. Following a mandatory settlement conference, the parties came to an agreement on certain issues. Spousal support was among the few issues left for trial.

Prior to the dissolution hearing, Mendoza filed a trial brief and various other documents, including some related to factors the court considers in determining whether to award permanent spousal support and the appropriate amount. The trial brief specified she was requesting "[t]he court make a permanent spousal support order, ordering [Cuellar] to pay monthly spousal support to [her] in accordance with her 'Proposed Needs.'" Nowhere in the trial brief or in the accompanying documents did Mendoza request temporary spousal support.

In mid-July 2015, the parties came to an agreement that resolved the amount of permanent spousal support Cuellar would pay Mendoza without the need for a

_____

[1] All further statutory references are to the Family Code unless specified otherwise.

2

trial.  The signed stipulation and order indicated support would be in the amount of $800 per month, beginning July 1, 2015.  It also stated "retroactivity of spousal support" was an outstanding issue the court would decide at a hearing scheduled for the following month.

The trial court requested the parties file written briefs on the retroactivity issue in advance of the hearing.  In her brief, Mendoza argued section 4333 authorized the court to make its spousal support order retroactive to the date she filed her petition for dissolution, and that the court should exercise its discretion to do so.  Cuellar opposed the request, arguing the court could not make support retroactive to the filing date of the petition because Mendoza never filed a request for temporary spousal support.

Prior to the hearing, the trial court issued a tentative ruling denying Mendoza's request.  After hearing from the parties, the court adopted its tentative as the final ruling.  In an oral statement of decision, the court explained that in the absence of a separate request for temporary spousal support, it may not make a spousal support order retroactive to the filing date of a petition for dissolution.  Mendoza did not appeal that decision.

Ten months later, the court entered a final judgment of dissolution.  It incorporated the permanent spousal support order previously stipulated to by the parties, which did not include any retroactivity.  Mendoza appeals from that judgment.

## DISCUSSION

California law provides for two distinct types of spousal support— temporary and permanent.  "Awards of temporary spousal support do not serve the same purpose, nor are they governed by the same procedures, as awards for permanent spousal support.  'Pendente lite allowances and permanent allowances differ fundamentally in nature [citation] and function [citation].'" (*In re Marriage of Dick* (1993) 15 Cal.App.4th 144, 166.)  Whereas the latter is intended to make an equitable apportionment between the parties, the former is meant to allow a spouse to continue to live in the manner to

3

which he or she is accustomed during the time the dissolution action is pending. (*Ibid*.) It is also used to provide a spouse "'"with whatever is needed by [him or] her to litigate properly [his or] her side of the controversy."'" (*Ibid*.)

Because Mendoza admits she never made a request for temporary spousal support, we focus on permanent spousal support. Section 4333 controls the permissible date on which a permanent spousal support order may begin. It authorizes a court to make an order for permanent spousal support "retroactive to the date of filing the notice of motion or order to show cause, or to any subsequent date." (§ 4333.) This retroactivity limitation is unique to permanent spousal support. In contrast, an order for temporary spousal support may, at the court's discretion, be made retroactive to the date on which the petition for dissolution was filed. (*In re Marriage of Dick*, *supra*, 15 Cal.App.4th at pp. 165-166.)

Here, after initially disagreeing on the issue of spousal support, the parties eventually stipulated Cuellar would pay Mendoza monthly permanent spousal support beginning on a specified date, and the court so ordered. The issue of whether the support order would be retroactive to a date prior to the one they agreed upon was an issue expressly reserved for the court to resolve. Because the support order stemmed from the parties' stipulation, there was no noticed motion or order to show cause concerning permanent spousal support. Thus, there was no date to which the trial court could make the support order retroactive in accordance with section 4333.

Mendoza urges us to treat her petition for dissolution as a "notice of motion" for purposes of section 4333. We decline to do so. To begin, the statute expressly references a "notice of motion or order to show cause." Had the Legislature intended to include the filing date of a petition as a date to which a support order could be made retroactive, it certainly would have used such language as it has done in other parts of the dissolution statutes. (See *In re Marriage of Dick*, *supra*, 15 Cal.App.4th at p. 166 ["If the Legislature had wanted to limit the retroactivity of temporary spousal awards to

4

the date on which the order to show cause was filed, as it had in Civil Code section 4801, it could have expressly so provided, but since it did not, we will not imply such a limitation"]; see, e.g., § 4009 ["An original order for child support may be made retroactive to the date of filing the petition, complaint, or other initial pleading. . . ."].)

Further, a dissolution petition is functionally different than a notice of motion. Like a complaint in a civil action, a dissolution petition is a document that simply initiates an action. (Cal. Rules of Court, rule 5.60.) Thereafter, certain steps must be taken before the court makes an order or grants any relief. For spousal support, the required steps include, among others, filing and serving a request for order and an income and expense declaration. (Cal. Rules of Court, rule 5.92(b)(2).) And, it is that request for order which acts as the noticed motion referenced in section 4333. (Cal. Rules of Court, rule 5.92(a)(1)(A).)

Were we to adopt Mendoza's position, a permanent support order could be made retroactive to the initiation of the action in *every* case. Doing so would largely eviscerate the distinction between temporary and permanent spousal support and confound their unique purposes. Had Mendoza felt the need for spousal support during the pendency of the case, she should have made a request for temporary spousal support. (See *In re Marriage of Dick*, *supra*, 15 Cal.App.4th at pp. 165-166 [court may make temporary spousal support order retroactive to filing date of dissolution petition or any date thereafter]; *In re Marriage of MacManus* (2010) 182 Cal.App.4th 330, 337 [court has broad discretion concerning temporary spousal support].) Since she did not do so, despite being represented by counsel, we find no error in the trial court's decision.

5

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.