[Civ. No. 41159. First Dist., Div. One. July 29, 1977.]

BATTISTA A. FONTANA, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
BETTY L. FONTANA, Real Party in Interest.

**COUNSEL**

John A. Putkey for Petitioner.

No appearance for Respondent.

Edward A. Hume, Richard Keyes and Edward Duff Hume for Real Party in Interest.

**OPINION**

**ELKINGTON, J.**—We issued a writ of certiorari in order to review an order of the superior court adjudging petitioner Battista A. Fontana (hereinafter for convenience, Battista) to be guilty of contempt of court.

The relevant facts are undisputed.

In a marriage dissolution proceeding commenced by Betty L. Fontana (hereinafter for convenience, Betty), Battista had been ordered, pendente lite, to pay spousal support of *$1,000* per month. Thereafter, December 21, 1976, an interlocutory judgment of dissolution of marriage was entered, under the terms of which Battista was ordered to pay spousal support to Betty of *$1,200* per month, and $15,000 and $1,700 respectively for her attorney fees and costs. Thereafter Battista continued paying *$1,000* per month as spousal support, and he did not pay the $15,000 for attorney fees or the $1,700 for costs.

On March 9, 1977, Betty filed a notice of appeal from the interlocutory judgment of dissolution of marriage of December 21, 1976, *"and [from] the whole thereof, . . ."* (Italics added.)

On March 16, 1977, Battista filed a cross-appeal from the interlocutory judgment insofar as it related to spousal support and attorney fees and costs.

On March 23, 1977, Betty commenced contempt proceedings against Battista for failure to pay the additional $200 per month spousal support, as well as the attorney fees and costs ordered by the judgment. Following a hearing the court held Battista guilty of contempt of court as follows:

"Count One: Failure to pay spousal support on December 21, 1976 in the sum of $1,200.00 for which respondent is sentenced to five days in county jail for said contempt;

"Count Two: Failure to pay spousal support on January 21, 1977 in the sum of $1,200.00 for which respondent is sentenced to five days in county jail for said contempt;

"Count Three: Failure to pay spousal support on February 21, 1977 in the sum of $1,200.00 for which respondent is sentenced to five days in county jail for said contempt;

"Count Four: Failure to pay spousal support on March 21, 1977 in the sum of $1,200.00 for which respondent is sentenced to five days in county jail for said contempt;

"Count Five: Failure to pay $15,000.00 for attorney's fees and $1,700.00 for petitioner's costs and sentenced to five days in county jail for said contempt."

The issue is whether, as a matter of law, Betty may enforce by contempt proceedings portions of the interlocutory judgment from which an appeal taken by her is pending.

We find only the following authority on the subject.

*Taylor* v. *Savage* (1843) 42 U.S. (1 How.) 282 [11 L.Ed. 132]. There, plaintiffs and defendant cross-appealed from a money judgment entered by the district court. While the appeals were pending the plaintiffs sought to execute on the judgment. Defendant petitioned the high court that the execution be "superseded until the appeal can be heard and decided . . . ." Holding that the "execution issued on the decree was unauthorized and void," the court stated: "We are by no means prepared to say that a complainant, after having appealed from a decree in his favor, can be permitted, pending the appeal, to carry into execution the decree which he is seeking to reverse in the appellate court, in order to obtain a decree for a larger sum."

*Thornton* v. *Mahoney* (1864) 24 Cal. 569. In that case the court approved (p. 584) the rule of *Taylor* v. *Savage,* as above stated.

*Weil* v. *Superior Court* (1950) 97 Cal.App.2d 373 [217 P.2d 975]. In a divorce action the wife had appealed from the entire judgment. The husband did not appeal and (p. 374), "taking the position that . . . [his wife's] appeal from the entire judgment absolved him pending the appeal from further compliance with its provisions, did not pay the balance of the attorney's fee" which had been ordered by the judgment. Annulling the ensuing contempt order, the appellate court held (p. 375) that "the enforcement of all parts of the judgment must await the disposition of the [wife's] appeal."

We are advised of no contrary authority, and we ourselves have found none.

■  The above stated rule is a reasonable corollary of the more broadly recognized principle that "the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal, since the right to accept the fruits of the judgment and the right to appeal therefrom are wholly inconsistent, and an election to take one is a renunciation of the other." (*Mathys* v. *Turner* (1956) 46 Cal.2d 364, 365 [294 P.2d 947], and see the authority there collected.)

It seems reasonable that one who has appealed from a judgment should not be permitted to enforce that judgment, pending his appeal. And we are aware of no policy which would militate against such a rule. We therefore conclude that *Taylor* v. *Savage, supra,* 42 U.S. (1 How.) 282 *Thornton* v. *Mahoney, supra,* 24 Cal. 569, and *Weil* v. *Superior Court, supra,* 97 Cal.App.2d 373, correctly state the law of California, and are controlling on this review.

It follows that the contempt adjudications of the superior court were contrary to law, and thus beyond its jurisdiction. (See *Brady* v. *Superior Court* (1962) 200 Cal.App.2d 69, 74 [19 Cal.Rptr. 242].) The contempt order here at issue will accordingly be annulled.

The order of the superior court finding petitioner guilty of contempt of court is annulled.

Sims, Acting P. J., and Lazarus, J.,* concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied September 22, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.