[No. A016450. First Dist., Div. Five. Aug. 21, 1984.]

In re the Marriage of SARAH MIRIAM KLINE and
SEYMOUR HOROWITZ.
SARAH MIRIAM KLINE HOROWITZ, Appellant, v.
SEYMOUR HOROWITZ, Respondent.

**COUNSEL**

Michael Madajian, De Goff & Sherman and Richard Sherman for Appellant.

Garrett C. Dailey, Davies & Dailey and Bernard N. Wolf for Respondent.

**OPINION**

**KING, J.**—In this case we hold that the trial court in a dissolution proceeding retains jurisdiction to modify the amount of spousal support, upon a showing of changed circumstances, pending an appeal from an order for spousal support in the dissolution judgment. Sarah Miriam Kline Horowitz appeals from portions of a postjudgment order modifying her spousal support award and terminating a wage assignment. We affirm the order.

### FACTS

Sarah filed a petition for dissolution of marriage in 1978, after a 17-year marriage to Seymour Horowitz. In the interlocutory judgment of dissolution, filed September 5, 1980, the court characterized and divided numerous items of real and personal property and ordered Seymour to pay spousal support of $500 a month and child support of $250 a month for each of two minor children. In a financial declaration filed March 19, 1980, Sarah had declared an income of $819 per month, and living expenses of $4,486.50 per month, including a monthly annuity payment of $2,336 to her mother, on which Sarah was 16 months behind at the time of trial.

Sarah and Seymour both took appeals from the interlocutory judgment, including its provision for child and spousal support. (*In re Marriage of Horowitz* (1984) *ante,* p. 368 [205 Cal.Rptr. 874.) Those appeals have not

been consolidated with the present appeal, but we heard oral argument in both cases on the same day and we render our decisions simultaneously.

While the appeals from the interlocutory judgment were pending, Sarah obtained a wage assignment because of Seymour's arrearages of $1,005 in spousal support and $3,500 in child support. Seymour posted no appeal bond; thus enforcement of his obligation to pay support was not stayed pending appeal. (Code Civ. Proc., §§ 916, 917.1.) Seymour moved to terminate the wage assignment on the ground that Sarah had appealed from the interlocutory judgment, including its support provisions, and therefore could not have it enforced. Sarah subsequently moved for an order that Seymour pay the support ordered in the judgment or pay temporary support pending appeal; Seymour moved to terminate spousal support (specifying the temporary support order).[1]

The motions were heard on September 23, 1981, over one year after entry of the interlocutory judgment, by a different judge than the one who rendered the interlocutory judgment.[2] At the hearing Sarah testified that because of the death of her mother at the end of the previous year, she was no longer obligated to make the $2,336 monthly annuity payments, and was also relieved of a $32,704 debt to her mother.

On February 10, 1982, the court rendered an order which, among other things, modified Seymour's obligation to pay spousal support, ordering it would cease, effective October 1, 1981, but retaining jurisdiction over the issue of spousal support. As justification for the modification of spousal support, the order specified "the death of petitioner's mother, Bertha Kline, which reduced petitioner's monthly expenses by the sum of $2,336 per month, relieved petitioner of $32,704 of debt, and unfettered the securities account previously held by petitioner for the benefit of Bertha Kline; and the evidence presented in court that petitioner had greater earning ability from the stock accounts under her control than she was currently utilizing." The court also rendered a separate order terminating the wage assignment obtained by Sarah.

I. *Jurisdiction to modify spousal support pending appeal.*

 Sarah challenges the modification of Seymour's spousal support obligation, contending that the court lacked jurisdiction to modify a judg-

---

[1]Sarah properly points out that the temporary support order of April 1979 was actually superseded by the permanent spousal support order in the interlocutory judgment, which was not stayed by the posting of an appeal bond.

[2]Although we hold the trial court has jurisdiction to modify spousal support pending appeal, it should be exercised with caution and only upon a showing of changed circumstances, so as to avoid the possibility of judge shopping.

ment that was on appeal. She relies on Code of Civil Procedure section 916, subdivision (a), which provides that, with certain exceptions, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters *embraced therein or affected thereby* . . . ." (Italics added.)[3] ■ ■■■■ The issue presented is whether, upon changed circumstances, a modifiable spousal support obligation is a matter "embraced" in or "affected" by an interlocutory judgment ordering payment of spousal support, so that modification proceedings in the trial court are stayed pending an appeal from the interlocutory judgment.[4]

■ The purpose of the rule depriving the trial court of jurisdiction pending appeal in civil actions is to protect the jurisdiction of the appellate court; the rule prevents the trial court from rendering the appeal futile by changing the judgment into something different. (See *Lerner* v. *Superior Court* (1952) 38 Cal.2d 676, 680 [242 P.2d 321]; *San Francisco Savings Union* v. *Myers* (1887) 72 Cal. 161, 163 [13 P. 403].) Accordingly, whether a matter is "embraced" in or "affected" by a judgment within the meaning of Code of Civil Procedure section 916 depends on whether postjudgment proceedings on the matter would have any effect on the "effectiveness" of the appeal. (*United Professional Planning, Inc.* v. *Superior Court* (1970) 9 Cal.App.3d 377, 384-385 [88 Cal.Rptr. 551].) Thus in *United Professional Planning* the court held that an order expunging a lis pendens, following a defense judgment in a specific performance action, was not a proceeding on a matter embraced in or affected by the judgment: because the expungement statute (Code Civ. Proc., § 409.1) permitted an expungement order before judgment or trial, creating the possibility that the judgment could be rendered meaningless before its rendition, an expungement order after appeal would have had no greater effect on the judgment and thus would not have affected the effectiveness of the appeal. (*Id.*)

---

[3]Code of Civil Procedure section 916 provides in full: "(a) Except as provided in Sections 917.1 through 917.9 and in Section 117.7, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order.

"(b) When there is a stay of proceedings other than the enforcement of the judgment, the trial court shall have jurisdiction of proceedings related to the enforcement of the judgment as well as any other matter embraced in the action and not affected by the judgment or order appealed from."

[4]Seymour argues that Sarah waived any jurisdictional challenges by failing to assert them below, and that she is also estopped to assert jurisdictional challenges because she herself sought an increase in spousal support at the modification hearing. It is well-settled, however, that subject matter jurisdiction cannot be conferred by waiver or estoppel; jurisdictional challenges thus can be asserted for the first time on appeal, regardless of inconsistent conduct below. (E.g., *Summers* v. *Superior Court* (1959) 53 Cal.2d 295, 298 [1 Cal.Rptr. 324, 347 P.2d 668]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 10, pp. 534-535; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 280, p. 4269.)

Similarly, in the present case modification of the spousal support provisions in the interlocutory judgment retaining jurisdiction for future modification did not alter the effectiveness of the appeals from the judgment, because the same result could have been achieved through other means without having any effect upon the effectiveness of the appeal or rendering it futile. Seymour could have posted a bond to stay the spousal support provisions of the judgment. (See generally *Hogan* v. *Paddon* (1928) 91 Cal.App. 606, 612 [267 P. 392] [amount of bond for stay of spousal support order to be fixed by considering amount of monthly allowance and probable duration of appeal]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 165, p. 4157 [no time requirements for posting of appeal bond].) Thereafter, upon Sarah's inevitable motion for temporary support pending appeal (Civ. Code, § 4357), the court could have ordered payment of a reduced amount of temporary support pending appeal, or no temporary support at all, upon a finding of changed circumstances.[5] If the appellate court subsequently affirmed the judgment, thereby renewing the efficacy of the permanent spousal support provisions throughout the pendency of the appeal, the trial court would still have equity jurisdiction to refuse to enforce the stayed order for the period after the change of circumstances, thus in effect retaining the reduction in support payments. (See *In re Marriage of Sandy* (1980) 113 Cal.App.3d 724, 728-729 [169 Cal.Rptr. 747].)[6] If the appellate court reversed the spousal support provisions of the judgment and remanded the cause for a redetermination of the spousal support issue, on remand the trial court would be authorized to consider the change of circumstances in ordering future spousal support, if any, (*Hall* v. *Superior Court* (1955) 45 Cal.2d 377, 385 [289 P.2d 431]), so that, again, the same result could be achieved.

Thus modification of Seymour's spousal support obligation, with the trial court retaining jurisdiction over the issue, had no greater effect on the effectiveness of the appeals from the interlocutory judgment than there would have been had Seymour posted an appeal bond and litigated the change of circumstances issue in temporary support proceedings. Deprivation of trial

---

[5]The temporary support order or a denial of temporary support would itself be appealable by Sarah. (*Kruly* v. *Superior Court* (1963) 216 Cal.App.2d 589, 591 [31 Cal.Rptr. 122].)

The order for temporary support pending appeal, absent a change of circumstances since trial, is usually for the same amount the trial judge ordered, so that parties are neither penalized nor rewarded for taking an appeal. The temporary order may differ if the division of property, and income therefrom, is also appealed and not received by the party to whom the trial judge awarded it.

[6]The court in *In re Marriage of Sandy, supra,* 113 Cal.App.3d 728-729, held that an order "confirming" husband's obligation to pay a reduced amount of spousal support as of a date prior to his motion for the order was not an impermissible retroactive modification of spousal support, but was a proper exercise of the court's equitable discretion to determine whether and to what extent the original support provision should be enforced by execution.

court jurisdiction to modify the amount of the permanent spousal support order would provide no greater protection to the appellate court's jurisdiction, as the same result could be achieved below through other means. Further, to require the party seeking modification to follow the more complicated alternative procedure rather than simply obtaining direct modification of the permanent support order pending appeal would contravene the general rule that "in the absence of compelling analogous case law or persuasive language in the statutes, the rule should be adopted which best serves the efficient and proper administration of the courts." (*United Professional Planning, Inc.* v. *Superior Court, supra,* 9 Cal.App.3d at p. 385.)[7]

Moreover, simple common sense demonstrates the inequities inherent in a rule that would deprive the trial court of jurisdiction to modify, upon a showing of changed circumstances, an otherwise modifiable spousal support order pending appeal. The purpose of Code of Civil Procedure section 916 is to protect the appellate court's jurisdiction by preserving the status quo pending appeal. Upon rendition of a permanent spousal support order under Civil Code section 4801, the status quo includes a *modifiable* money judgment. (Civ. Code, § 4801, subd. (a).) If the trial court lacked jurisdiction to modify the support order pending appeal, the appeal would alter the nature of the order; the order would become *nonmodifiable* until after resolution of the appeal. The order could not be modified retroactively after rendition of the appellate judgment, since the trial court could not entertain a motion for modification until after the appeal ended, and would then be precluded by statute from modifying the order as to any amounts that accrued before the motion for modification was made. (Civ. Code, § 4801, subd. (a).) If a change of circumstances had indeed occurred, the court could never redress inequities during the pendency of the appeal resulting from changed needs of the supported spouse or changed ability of the supporting spouse to pay support. This cannot have been intended by the Legislature.

To demonstrate the inequity which would result here if the trial court had no jurisdiction to modify child or spousal support pending the appeals from the interlocutory judgment, the appeals were not fully briefed until almost

---

[7]We note that since 1955 trial courts have been authorized by statute to modify child custody orders pending appeal. (Code Civ. Proc., § 917.7; *Mancini* v. *Superior Court* (1964) 230 Cal.App.2d 547, 551-554 [41 Cal.Rptr. 213].) Before 1955 courts agreed that an appeal from a child custody order stayed further proceedings in the trial court pending appeal; emergency situations could be handled only by the appellate courts. (*Id.,* at p. 551.) The pre-1955 law with regard to child custody orders is not analogous authority for a rule that support provisions cannot be modified pending appeal, given the absence of any custody device analogous to temporary support pending appeal, which enables the party seeking modification to achieve the desired result without direct modification of the appealed judgment.

two years after the notices of appeal were filed. This court's backlog has further delayed the determination of this appeal for an additional two years. Temporary support proceedings pending appeal would have been needlessly expensive both in terms of the cost to the litigants of legal services and of judicial economy. Until some change in circumstances occurred, Seymour would have had no reason to cause such proceedings to occur, since he would have had to post a bond (probably a cash bond) staying the support provisions of the interlocutory judgment, only to find that a judge awarding temporary support pending appeal would most probably have fixed it at the same amount as the trial judge, in order to avoid providing a reward or a penalty for a party having taken an appeal.[8] Sarah could have enforced the support provisions of the interlocutory judgment and thus, except for the possibility of its reversal on appeal, had no need for an order for temporary support pending appeal, except for the fact of her own appeal from the order for spousal support. (See section III, *infra.*) The trial court must have the power to modify the support order. If Seymour inherited $10 million and Sarah's needs increased while the appeal was pending, Sarah should have been able to seek a modification. Likewise, should Seymour have become totally disabled with no income while the appeal was pending, he should have been able to seek a modification of the amount fixed in the interlocutory judgment, since that order was made based upon his income from his employment.

Modification of the trial judge's order for child or spousal support while the issue of the validity of that amount is on appeal, when based upon a change of circumstances justifying a change in amount, does not interfere with the jurisdiction of the appellate court, since its review is based upon the record at trial.

In acting upon a motion for modification of support while that issue is on appeal, or even while property issues are on appeal, the trial court should not render an order terminating jurisdiction over the issue of support since, in the event of a reversal of property and/or support provisions of the interlocutory judgment requiring a retrial, the trial court must retain jurisdiction to make a new determination on the support issue based upon the facts and circumstances of the parties as they exist at the time of retrial. Furthermore, as in this case, a modification of support pending appeal would itself be subject to redetermination upon a retrial.

 We conclude that Seymour's modifiable spousal support obligation was not a matter embraced in or affected by the interlocutory judgment since

---

[8]See footnote 5, *ante.*

the trial court reserved jurisdiction over the issue of spousal support.[9] The trial court had jurisdiction to modify spousal support pending appeal upon a proper showing of changed circumstances.

II. *Sufficiency of the evidence of changed circumstances.*

Sarah contends that even if the court had jurisdiction to modify the spousal support provisions of the interlocutory judgment pending appeal, such modification was not supported by substantial evidence of a material change of circumstances occurring since the judgment. (See, e.g., *In re Marriage of Kuppinger* (1975) 48 Cal.App.3d 628, 633 [120 Cal.Rptr. 654].) Sarah argues that Seymour's assertion at the postjudgment hearing that Sarah was not generating enough income from her separate property investments did not demonstrate a material change of circumstances, since Seymour had made this same assertion in the prior dissolution proceedings.

The court's order did assert that Sarah could generate more income from her investments, but it also asserted the evidence that because of the death of Sarah's mother the previous year, Sarah was no longer obligated to make the monthly annuity payment of $2,336 and was also relieved of a $32,704 debt. This evidence of changed circumstances was alone sufficient to justify the court's modification of spousal support.

Sarah argues that the monthly annuity obligation was only "theoretical" and was not being paid regularly, and thus was not considered by the trial court when it fixed the permanent spousal support obligation, so that there was no change of circumstances when Sarah's mother died. But Sarah's only trial testimony in this regard was that she was 16 months behind in her payments at the time of trial; she presented no evidence as to whether she would renew payments in the future (and the record in the present appeal does not indicate whether payments were made after trial). The record of the appeals from the interlocutory judgment does not demonstrate that the monthly annuity obligation (which Sarah herself asserted in a financial declaration filed only two months before trial) had been excluded from the court's consideration in fixing permanent spousal support.

Because substantial evidence supported the change in spousal support, the modification order is to be affirmed. Nevertheless, the order, like any other spousal support order, was based in part on the trial court's division of property in the interlocutory judgment of dissolution. (See *In re Marriage*

---

[9] A motion for termination of jurisdiction over the issue of support should not be granted while the appeal of property and support issues is pending, since the circumstances justifying granting a motion to terminate support cannot be ascertained until a judgment as to those issues becomes final and the financial circumstances of the parties are known.

*of Brigden* (1978) 80 Cal.App.3d 380, 384.) Because we reverse that property division in part in the related appeals, and since other changes in the circumstances of the parties have in all likelihood taken place in the four years since trial, on remand of the present appeal we authorize the trial court to reconsider the modification in light of any changes in the parties' assets after remand of the appeals from the interlocutory judgment, and any other relevant changes in circumstances, and to exercise its discretion to award additional spousal support if deemed appropriate.

III. *Termination of the wage assignment.*

Sarah's final contention is that she was entitled to have the wage assignment remain in effect pending the appeals from the interlocutory judgment, in order to secure payment of the child and spousal support ordered in the judgment. ■ Seymour responds that because Sarah had appealed from the interlocutory judgment she could not have it enforced, citing *Fontana* v. *Superior Court* (1977) 72 Cal.App.3d 159 [139 Cal.Rptr. 851].

Except to the extent of arrearages in spousal support that accumulated before modification, Sarah's argument is rendered irrelevant by our holding that the trial court acted properly in modifying spousal support pending appeal. To the extent that the dispute remains alive with regard to premodification arrearages, Seymour is correct in his contention that Sarah's appeal from the judgment precluded her seeking its enforcement. The court in *Fontana* v. *Superior Court, supra,* 72 Cal.App.3d 162-163, held that where a wife appealed from "the whole" of an interlocutory judgment awarding her spousal support she could not enforce the spousal support order by contempt proceedings, because of the rule that one who has appealed from a judgment should not be permitted to enforce that judgment pending appeal. Sarah's notice of appeal from the interlocutory judgment excluded only the portion of the judgment declaring that the parties were entitled to have their marriage dissolved. Thus the notice of appeal included an appeal from the child and spousal support provisions of the judgment. Once it was filed, the rule of *Fontana* precluded Sarah from enforcing those support provisions.[10]

Sarah argues that the rule of *Fontana* should not apply here because her appeal from the support provisions of the interlocutory judgment was simply a protective cross-appeal filed in response to Seymour's appeal, in which she did not challenge the permanent child or spousal support award but simply argued that the trial court should be authorized to reconsider the

---

[10]Sarah's appeal did not prevent her from obtaining and enforcing payment of temporary support pending appeal. (Civ. Code, § 4357.)

award on remand if any of the property division portions of the judgment were reversed. A convincing argument can be made that the rule of *Fontana* should not apply once an appeal from the support provisions of a judgment has in effect been abandoned by filing a brief that fails to challenge those provisions. (See *Hansen* v. *Hansen* (1965) 233 Cal.App.2d 575, 581-582 [43 Cal.Rptr. 729] [acceptance of benefits of portion of severable judgment from which appeal is abandoned by failure to discuss in briefs does not preclude appeal from remaining portions of judgment].) However, the nature of Sarah's appeal did not become evident until she filed her first appellate brief on January 26, 1982, four months after the hearing on the motions in the present appeal and only two weeks before the court rendered its order terminating the wage assignment. The record does not demonstrate that the trial court was apprised of the change in the nature of the first appeal before it rendered its order terminating the wage assignment. Thus Sarah waived any error by failing to assert the partial abandonment in the court below. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 276 et seq.)

Sarah also argues that this court should repudiate the rule in *Fontana,* based on a recognized exception to the rule against seeking enforcement of an appealed judgment. ▪ Under this exception the appellant may seek enforcement if he or she "is concededly entitled to the benefits which are accepted and a reversal will not affect the right to those benefits." (*Mathys* v. *Turner* (1956) 46 Cal.2d 364, 365 [294 P.2d 947].) The exception, however, applies only where the supporting spouse does not contest the supported spouse's right to the amount of support awarded. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 138, p. 4134.) In Seymour's appeal from the interlocutory judgment he contested Sarah's right to the amount of support awarded in the judgment; thus the exception cannot apply.[11]

### DISPOSITION

The orders modifying spousal support and terminating the wage assignment are affirmed. The cause is remanded to permit the trial court to recon-

---

[11]Sarah also challenges the court's imposition of certain restrictions on her management of a security account valued at $108,107 which was confirmed to her as her separate property in the interlocutory judgment. She contends the trial court lacked jurisdiction, pending appeal, to issue such an order. We do not reach this issue. The restrictions imposed on Sarah's management of the account are operative only while the appeals from the interlocutory judgment are pending. Accordingly, upon adjudication of the appeals from the interlocutory judgment (in which we uphold the separate property characterization of the account), the court's order regulating the account will no longer be in effect, and the issue whether the court lacked jurisdiction to render the order will become moot. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 465, p. 4420.) We therefore dismiss this appeal to the extent it challenges the court's restriction of Sarah's management of the account.

sider the modification of spousal support in light of any changes in the parties' assets after remand of the appeals from the interlocutory judgment of dissolution or other relevant circumstances, and to exercise its discretion to award spousal support if deemed appropriate. Seymour is awarded his costs on appeal.

Low, P. J., and Haning, J., concurred.