Filed 9/18/25  Marriage of Stacey CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of DENNIS STACEY and MARSHA STACEY. | |
| DENNIS STACEY, | F086813 |
| Appellant, | (Super. Ct. No. RFL-15-000137) |
| v. | |
| MARSHA STACEY, | **OPINION** |
| Respondent. | |

APPEAL from an order of the Superior Court of Kern County.  Murray J. Robertson, Judge.

Moran Law Firm, Amanda K. Moran and S. Eric Bishop II for Appellant.

Marsha Stacey, in Propria Persona, for Respondent.

-ooOoo-

In this marital dissolution action, Dennis Stacey (Dennis)[1] appeals from a post judgment order for payment of permanent spousal support to his ex-wife Marsha Stacey

---

[1]     For convenience and clarity, we will refer to these individuals by their first names because they share a last name.  No disrespect is intended.

(Marsha) and assessing arrearages against Dennis for spousal support and retirement benefits. Dennis contends the family court abused its discretion when it failed to consider the factors enumerated in Family Code section 4320[2] prior to ordering permanent spousal support, and the amount awarded was unreasonable under the circumstances. Dennis also contends the family court abused its discretion in ordering arrearages. Finding no merit to Dennis's contentions, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The March 2017 Spousal Support Order and Dennis's Appeal*

Dennis filed for dissolution of his nearly 32-year marriage to Marsha in August 2015. During the marriage, Dennis worked in, and retired from, the military. After his retirement, he obtained other employment. Marsha did not work or earn income for most of the marriage, and while at times she worked temporary jobs or produced sellable items, she did not have long-term or substantial income until she started working at Home Depot within the last few years of the marriage.

Both parties filed disclosures, and the family court made various temporary orders, including temporary spousal support. In January 2016, temporary spousal support was calculated using the DissoMaster and was set at $1,039 per month, with full monthly payments to begin on February 1, 2016, and to continue until further court order. Dennis was ordered to pay Marsha one-half of his net military retirement at the end of each month.

A bench trial was held on March 14, 2017, at which income and expense declarations were admitted into evidence and the parties testified. The family court reserved jurisdiction for spousal support as this was a long-term marriage, granted a judgment of dissolution and ruled on some issues, including spousal support. After

---

[2] Undesignated statutory references are to the Family Code.

2.

considering the parties' income and other factors,[3] the court ordered Dennis to pay Marsha $2,000 per month in spousal support beginning April 1, 2017, until further court order, and $8,000 for her attorney fees and costs. The court ordered the division of the parties' retirements and Dennis to continue to pay Marsha for her portion of his military benefits. The court took the remaining issues under submission. The court ruled on those issues on April 6, 2017, when a copy of the minute order was mailed to the parties.

On April 21, 2017, Dennis filed a motion for reconsideration of the family court's rulings,[4] which Marsha opposed.[5] The motion for reconsideration was heard on May 24, 2017. The family court denied the motion because, while it was timely and valid, there was no new information or law to change its ruling, although it ordered a typographical correction to the earlier ruling. The court ordered Dennis's attorney to prepare the order after hearing and Marsha's attorney to prepare an updated judgment with the correct property list and submit it to Dennis's attorney for approval.

On June 21, 2017, Dennis filed a notice of appeal which stated he was appealing the May 24, 2017 order, with the minute order of that hearing attached to the notice.

---

[3]     The family court found: (1) support was based on the parties' income; (2) the size of the parties' home was not an issue; (3) the parties had a middle income during the marriage; (4) the parties spent a good amount on several vehicles, business endeavors, and the children; (5) Dennis had the earning capacity to maintain his standard of living; (6) Marsha was a minimum wage worker; (7) the parties had a disparity in income; (8) spousal support was a primary obligation; and (9) the parties did not have health issues, a history of abuse, or hardships.

[4]     In his motion for reconsideration, Dennis asked the family court to revisit the issue of spousal support, arguing that the court more than doubled the previous support award without explanation. He further argued the amount of support appeared to be excessive as Marsha was receiving her share of Dennis's retirement and working part time, while Dennis was living paycheck to paycheck and paying Marsha's attorney fees as well as the higher support.

[5]     In her opposition, Marsha asserted that when considering spousal support at the March 14, 2017 hearing, the family court addressed the section 4320 factors, income and expense declarations were introduced into evidence, and after arguments by the parties' attorneys, the court ruled on the issues of support and attorney fees.

*Marsha's November 2017 Request for Order and the Judgment*

On November 21, 2017, Marsha filed a request for order in which she asked the family court to modify the spousal support to $3,281 per month based on a new DissoMaster calculation. Marsha asserted: (1) there was a $1,039 per month temporary support order and Dennis agreed to pay $1,115 each month for her half of his retirement; (2) at trial, the court set spousal support at $2,000 per month and ordered Dennis to continue to pay $1,115 per month from his retirement until a division was completed;[6] (3) Dennis filed a notice of appeal and while the spousal support order was not stayed, he apparently was objecting to it; and (4) she wanted the court to order Dennis to either pay $2,000 per month in support or set temporary support at $3,281 per month.

Marsha also asked the court to review and sign the judgment so it could be entered, and to allow her to enforce the support ordered in the judgment or set temporary support during the appeal, as Dennis stopped paying support and her portion of his retirement. Marsha asserted Dennis had never paid the full $1,957 per month in temporary spousal support and retirement ordered at the beginning of the case and after the court ordered him to pay $2,000 per month in spousal support and $1,115 per month from his retirement beginning April 1, 2017, Dennis continued to pay only $1,919 each month through October 2017, and had not paid anything in November 2017. Marsha stated that Dennis relieved his attorney of record prior to the judgment being submitted and the judgment could not be entered and made an enforceable order because Dennis refused to sign the judgment in front of a notary. Marsha asked that Dennis's wages be garnished for spousal support and to set the arrears Dennis owed her.

A hearing on Marsha's request was held on December 6, 2017. The minute order states the family court accepted Dennis's signature on the judgment without a notary because he signed under penalty of perjury. With respect to spousal support, the court

---

[6] Marsha asserted the family court found Dennis's monthly income consisted of $7,900 in wages, $2,229 in retirement pay, and $1,267 in disability.

found the previous temporary orders regarding support would "go back into effect" due to the pending appeal, and Dennis should have continued making temporary support payments despite filing the appeal. The court made the following temporary orders: (1) Dennis was required to continue paying $1,039 per month in spousal support plus $1,093.95 per month for Marsha's half of his net military retirement "pending resolution of the appeal's case"; (2) the support and military retirement orders were continued from the July 20, 2016 temporary orders; (3) any unpaid monthly support payments were in arrears; and (4) Dennis must pay $2,000 in attorney fees to Marsha's attorney.

A judgment of dissolution was entered on January 9, 2018 (the judgment). The box next to the section of the judgment that addresses spousal support was checked, but a spousal support order attachment was not attached. Instead, the section was manually crossed out with the following handwritten notation, initialed by the judge: "STAYED PENDING APPEAL."

On January 22, 2018, a findings and order after hearing from the December 6, 2017 hearing was filed, which conformed to the minute order. The family court also issued an $1,039 per month earnings assignment order on Dennis's earnings for spousal support.

***Marsha's July 2018 Request for Order***

On July 2, 2018, Marsha filed a request for order to modify spousal support, set arrears, and for the court to either sign a qualified domestic relations order or designate her share of Dennis's retirement as spousal support. Marsha asked the court to either sign the prepared orders, which were attached to the request for order,[7] or add her military retirement share to the spousal support until the appeal ended so she could garnish Dennis's wages for the entire amount.

---

[7] The following proposed retirement orders were attached to the request for order: (1) an order for the community share of Dennis's Thrift Savings Plan for Federal Employees; and (2) an order for division of Dennis's military retirement pay.

Marsha noted the judgment did not order spousal support due to Dennis's appeal. Marsha claimed Dennis never paid the proper amount of support and did not pay the amount ordered in December 2017. While she was granted a wage garnishment of Dennis's paycheck with the federal government of $1,039 per month for spousal support, which began on May 1, 2018, Dennis had not paid Marsha for her portion of his retirement. Marsha attached a declaration of payment history, which showed that the total arrearage from January 2017 to June 2018 for spousal support and Marsha's retirement share was $9,464.18. Marsha asked the court to make a finding of arrears and order them paid.

A hearing on Marsha's request was held on October 3, 2018. The minute order of the hearing showed the family court ordered, based on the parties' stipulation, that Dennis would pay $7,500 toward Marsha's arrears without prejudice, which would be unsegregated as to time and amount, with a full accounting being reserved. The remaining issues were set for a half-day special setting trial on January 31, 2019, with a confirmation hearing set for January 30, 2019. Findings and order after hearing for the October 3, 2018 hearing, were filed on November 28, 2018, which conformed to the minute order. On December 21, 2018, the family court issued a modified earnings assignment order for spousal support against Dennis's earnings of $1,039 per month.

The hearing on Marsha's July 2018 request for order was vacated and the matter was set for a status hearing on June 12, 2019, as the parties were attempting to reach an agreement. The signed stipulated qualified domestic relations orders were filed in May 2019.

### The Appellate Opinion on Spousal Support

We filed our opinion on Dennis's appeal concerning spousal support and attorney fees on June 4, 2019. (*Stacey v. Stacey* (June 4, 2019, F075866) [nonpub. opn.].) We construed the appeal as being taken from the March 14, 2017 orders for spousal support and attorney fees, which we stated were appealable orders. We concluded, however, that

6.

Dennis failed to provide an adequate record to review his claims of error, namely, that the trial court erred in ordering permanent spousal support and attorney fees. (*Id.* at pp. 3–6.) Accordingly, we affirmed the orders for spousal support and attorney fees. (*Id.* at p. 7.) This court issued the remittitur on Dennis's appeal on August 5, 2019.

***Additional Continuances on Marsha's July 2018 Request for Order***

The hearing on Marsha's July 2018 request for order did not take place in 2019 or 2020 due to multiple continuances. While a hearing was set for May 2020, it was continued due to the COVID-19 pandemic.

In May 2020, Dennis filed a motion to change venue from Kern County Superior Court to Kings County Superior Court, which was denied in July 2020. Dennis filed a second motion to change venue in October 2020, which the family court denied in November 2020.

On August 5, 2020, the family court issued a modified earnings assignment order against Dennis's earnings for $1,039 per month in spousal support as Marsha changed her address.

In February 2021, Dennis filed a notice appeal from the November 2020 denial of his motion to change venue. The hearing on Marsha's July 2018 request for order was continued to September 2021 due to the pending appeal. On May 17, 2021, this court issued an opinion dismissing Dennis's appeal from the order denying his motion for change of venue because the appeal was taken from a nonappealable order. (*Stacey v. Stacey* (May 17, 2021, F082473) [nonpub. opn.].)

***The Hearing Before Commissioner Khoury***

After the appeal was resolved, the hearing on Marsha's request for order was continued to March 2022 and began on March 8 before Commissioner Anthony S. Khoury. Marsha testified at the hearing and the parties stipulated that their income and expense declarations may be entered into evidence subject to cross-examination. The parties also stipulated to termination of the December 21, 2018 wage garnishment, as it

7.

was improperly taking spousal support payments out of Dennis's retirement, and that Dennis would make spousal support payments directly to Marsha. The family court continued the hearing to August 2, 2022. A modified earnings assignment order for spousal support was filed on April 13, 2022, which reduced the earning withholding to zero and noted the wage garnishment was terminated.

At the August 2, 2022 hearing before Commissioner Khoury, the parties testified and exhibits were admitted into evidence. The family court took judicial notice of Marsha's income and expense declarations filed on December 1, 2015, October 24, 2016, and December 28, 2016. Dennis corrected certain entries on his income and expense declaration that he filed on June 22, 2022. The matter was continued to August 23, 2022, when the parties again testified, exhibits were admitted into evidence, and the matter was argued and taken under submission.

Commissioner Khoury issued a notice of ruling on October 5, 2022. The commissioner explained he was addressing Marsha's postjudgment request to modify permanent spousal support. Therefore, he considered whether there had been a material change of circumstances since the original order was made, as well as the factors listed in section 4320. After considering the applicable factors, the commissioner found there had not been a material change in circumstances that would justify modifying the $2,000 per month permanent spousal support award that was ordered after the March 14, 2017 court trial. Marsha was ordered to prepare the written findings and order after hearing.

On October 21, 2022, Dennis filed a request for reconsideration of the ruling. Dennis specifically asked the family court to reconsider its finding as to his expenses and the permanent spousal support award.

The hearing on Dennis's request was held on November 30, 2022, before the Honorable Kenneth G. Pritchard. The minute order of the hearing stated the family court found "that Commissioner Khoury previously heard the matter and Judge Pritchard cannot hear the motion for reconsideration." Accordingly, the court found the matter

would have to be retried and set the matter for rescheduling on January 18, 2023.  The court recommended that the parties meet to see what they agreed on and what would not need to be retried.

### *The Hearing Before Commissioner Robertson*

The January 18, 2023 hearing was held before Commissioner Murray J. Robertson.  Based on the parties' stipulation, the commissioner:  (1) vacated Dennis's motion for reconsideration; (2) set the matter for a full day special setting on July 25, 2023, with a confirmation hearing on July 19, 2023; and (3) ordered the parties to file and serve trial briefs, exhibit and witness lists, and updated income and expense declarations by the confirmation hearing.

At the July 19, 2023 confirmation hearing before Commissioner Robertson, the family court and parties confirmed the July 25, 2023 special setting.  The parties filed trial briefs, exhibit lists, and updated income and expense declarations.

In her trial brief, Marsha asserted there were three issues before the court.  The first issue was the amount of spousal support.  Marsha noted there seemed to be a $2,000 per month final permanent support order issued on March 14, 2017, along with an order for Dennis to pay Marsha's share of his military retirement, and while the order was lined out when the judgment was signed, the appellate court found the $2,000 per month support order was correct.  The second issue was the amount of arrearages Dennis owed.  Marsha asserted that if the $2,000 per month spousal support award was correct, Dennis owed about $112,000 in arrears, while under the temporary orders of $1,093 and $1,039, he was $32,828 in arrears.  The third issue was the amount and payment of attorney fees owed.  Marsha asked the court to issue a written ruling on the effect of the original spousal support order, the amount of arrears, and her need and Dennis's ability to pay attorney fees.

In his trial brief, Dennis asserted:  (1) Marsha had income that she had not previously disclosed; (2) the parties stipulated in November 2018 that if he paid $7,500 in

9.

attorney fees and made at least $200 timely payments, Marsha may not ask for further attorney fees; and (3) Marsha did not need further spousal support and it was not fair for her to request that he pay arrears as she would have filed a motion sooner had he owed $100,000 in spousal support. Dennis asked the court to deny Marsha any spousal support, to uphold the previous order that no further attorney fees would be requested, and to consider his evidence.

At the July 25, 2023 hearing before Commissioner Robertson, the family court and counsel discussed the issues before the court. The matter was trailed so that the parties could meet and confer. After going back in session, the court found the only issue before it was Marsha's July 2018 request for order regarding spousal support. No testimony was taken. After the matter was argued and submitted, the court ordered that the $2,000 per month temporary spousal support order would be the permanent order, as the issue of spousal support had been finally determined by the appellate court in *Stacey v. Stacey* (*supra*, F075866). The court found there was a total of $88,538.05 in arrears in retirement and spousal support. Marsha's counsel was ordered to submit the amended judgment and prepare an order after hearing. A continued hearing on the issue of payment of arrears and attorney fees was set for August 30, 2023, and Marsha's counsel was ordered to provide Dennis with a current detailed invoice. A findings and order after hearing was filed on August 17, 2023, which conformed to the minute order.[8]

---

[8] Dennis appealed from the July 24, 2023 minute order. Since the family court directed Marsha's counsel to submit an order after hearing and an amended judgment to the court, an appeal does not lie from the minute order, but only from the formal order signed and filed with the court. (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1089–1090 [minute order not appealable if the court directs preparation of a formal order]; *In re Marriage of Wood* (1983) 141 Cal.App.3d 671, 677 [where a formal order is required, an appeal does not lie from minute order].) We informed the parties we intended to construe Dennis's notice of appeal as being taken from the order after hearing and to construe the order as an amended judgment. (Cal. Rules of Court, rule 8.104(d); see *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.) We invited the parties to respond to our proposed course of action, and told the parties if they did not respond we would construe the notice of appeal as being taken from the August 17, 2023 order, and treat it

Dennis challenges the family court's orders concerning spousal support and arrearages. With respect to spousal support, he asserts the court abused its discretion in issuing a permanent spousal support order without considering the section 4320 factors and the amount of support is unreasonable under the circumstances. On arrearages, Dennis contends the court abused its discretion because it based arrearages on the March 2017 ruling for permanent spousal support when that ruling was not included in the judgment of dissolution.

## I.    Marsha's Requests to Dismiss the Appeal

As a threshold matter, we address Marsha's requests to dismiss the appeal. Marsha contends the appeal is moot due to proceedings that were held after Dennis filed the notice of appeal. Marsha argues the orders for spousal support and arrears were superseded by a comprehensive settlement agreement reached in open court on October 25, 2023, which conclusively resolved all disputed matters, including arrears and attorney fees, which Dennis agreed to pay, and set out payment schedules.

"A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire which prevent the appellate court from granting any effectual relief." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566.) The record shows that the October 25, 2023 hearing was held to address the amount of attorney fees and payment of those fees, as well as payment of the arrearages. The parties stipulated to the amount of attorney fees Dennis owed, a payment schedule for attorney fees, and that Dennis would pay all spousal support arrears by November 1, 2023. As Dennis points out, the family court had the authority to issue any subsequent orders necessary to enforce its orders, including those made on July 25, 2023, which it did at the October 2023 hearing. (§ 290

---

as the amended judgment. Neither party responded. Accordingly, we construe Dennis's notice of appeal as being taken from the August 17, 2023 order and treat the order as an amended judgment.

[the court may enforce a judgment or order by execution, appointment of a receiver, or contempt].) The record does not show that Dennis stipulated that the $2,000 per month spousal support order was correct or that he owed arrearages. Therefore, contrary to Marsha's argument, the parties' stipulation did not supersede the family court's July 25, 2023 orders and does not render it impossible for us to grant effective relief.

Marsha also asserts Dennis should be barred from pursuing this appeal under the disentitlement doctrine due to his repeated failures to comply with his court-ordered support obligations. Under the disentitlement doctrine, an appellate court has the inherent power " 'to dismiss an appeal by a party that refuses to comply with a lower court order.' " (*In re Marriage of Cohen* (2023) 89 Cal.App.5th 574, 580.) " 'Appellate disentitlement "is not a jurisdictional doctrine, but a discretionary tool that may be applied when the balance of the equitable concerns make it a proper sanction." ' " (*In re A.K.* (2016) 246 Cal.App.4th 281, 285.) Given the discretionary nature of this tool and considering our Supreme Court's observation that "case law reflects a preference for the resolution of litigation and the underlying conflicts on their merits by the judiciary," we deny Marsha's request to dismiss the appeal. (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 342–343.)

## II.     Spousal Support

### A.      *Spousal Support and the Standard of Review*

"California law provides for two distinct types of spousal support—temporary and permanent…. Whereas the latter is intended to make an equitable apportionment between the parties, the former is meant to allow a spouse to continue to live in the manner to which he or she is accustomed during the time the dissolution action is pending." (*In re Marriage of Mendoza & Cuellar* (2017) 14 Cal.App.5th 939, 942–943.)

"Permanent spousal support 'is governed by the statutory scheme set forth in sections 4300 through 4360. Section 4330 authorizes the trial court to order a party to pay spousal support in an amount, and for a period of time, that the court determines is

12.

just and reasonable, based on the standard of living established during the marriage, taking into consideration the circumstances set forth in section 4320.' " (*In re Marriage of Blazer* (2009) 176 Cal.App.4th 1438, 1442 (*Blazer*).)  Those factors include the extent to which each party's earning capacity is sufficient to maintain the marital standard of living, the supporting spouse's ability to pay, the parties' obligations and assets, the duration of the marriage, the balance of hardships, and the goal that the supported party become self-supporting.  (§ 4320.)

Modification of spousal support "requires a material change of circumstances since the last order.  [Citations.]  [']Change of circumstances['] means a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs." (*In re Marriage of McCann* (1996) 41 Cal.App.4th 978, 982.)  In exercising its discretion to modify a spousal support order based on a material change of circumstances, "the court considers the same criteria set forth in section 4320 as it considered when making the initial order and any subsequent modification order." (*In re Marriage of Terry* (2000) 80 Cal.App.4th 921, 928.)

We review spousal support awards for abuse of discretion.  (*In re Marriage of Kerr* (1999) 77 Cal.App.4th 87, 93.)  The de novo standard of review, however, applies to "purely legal questions" raised on appeal.  (*In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 637.)  The meaning and effect of the judgment of dissolution " 'is determined according to the rules governing the interpretation of writings generally. [Citations.]  " '[T]he entire document is to be taken by its four corners and construed as a whole to effectuate the obvious intention.' " [Citations.]  " 'No particular part or clause in the judgment is to be seized upon and given the power to destroy the remainder if such effect can be avoided.' " [Citations.]  [¶]  Where an ambiguity exists, the court may examine the entire record to determine the judgment's scope and effect.  [Citations.]  The court may also " 'refer to the circumstances surrounding the making of the order or judgment, [and] to the condition of the cause in which it was entered.' " ' " (*In re*

*Marriage of Richardson* (2002) 102 Cal.App.4th 941, 948–949.) "In the absence of ambiguity" in a judgment, "we conduct de novo review" of its provisions. (*Id.* at p. 949.)

### B.    Analysis

Here, the record shows the family court ordered permanent spousal support of $2,000 per month in March 2017, with payments to begin on April 1, 2017, until further court order. Because the order was entered in the court's minutes it was denominated an order under Code of Civil Procedure section 1003. (*In re Marcus* (2006) 138 Cal.App.4th 1009, 1015–1016 [to avoid uncertainty, a court's ruling must either be contained in a written order signed by the judge and filed with the court or set forth in detail in the court's minutes]; *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1170 [a trial court's oral ruling on a motion becomes effective when it is filed in writing with the clerk or entered in the minutes].) Since the minute order did not expressly direct the preparation of a written order it was an effective appealable order. (Cal. Rules of Court, rule 8.104(d)(2).)[9]

After Dennis appealed the March 2017 spousal support order, a judgment was not entered because Dennis refused to sign the judgment before a notary. Marsha therefore filed a request for order to force entry of the judgment so that she would have an enforceable order. In her November 2017 request, Marsha also asked the family court to order temporary spousal support during the appeal because Dennis had not paid support. In requesting temporary support, Marsha asserted circumstances had changed because Dennis failed to: (1) report his disability income when the January 2016 temporary support order was made; or (2) make the ordered payments after the March 2017 order for permanent support was made even though he did not request a stay or file a bond.

---

[9]    This court determined that the March 2017 order for spousal support was an appealable order in *Stacey v. Stacey* (*supra*, F075866). Consequently, relitigation of that issue is precluded by doctrine of law of the case. (See, e.g., *Findleton v. Coyote Valley Band of Pomo Indians* (2018) 27 Cal.App.5th 565, 571 [the "[l]aw of the case precludes relitigation of an appellate decision that a court has jurisdiction"].)

Rather than requiring Dennis to post an appeal bond, the family court effectively entered and stayed the previously ordered permanent spousal support in the judgment.[10] Dennis contends the judgment is uncertain because it does not include a dollar amount for support. In interpreting the judgment, we may refer to the " 'circumstances surrounding the making of' " the order. (*In re Marriage of Richardson*, *supra*, 102 Cal.App.4th at p. 949.) The circumstances before the court included the prior issuance of a $2,000 per month permanent spousal support order following a hearing, which Dennis appealed. The court decided to stay that spousal support order pending resolution of the appeal. While the judgment did not include the amount of the stayed support, the box next to spousal support is checked and the court manually crossed out the spousal support section with the following written notation: "STAYED PENDING APPEAL." If the court did not intend to award permanent spousal support as ordered in the March 2017 minute order, there would be no need to stay the support pending the appeal. Accordingly, we reject Dennis's argument that the judgment superseded the March 2017 minute order pertaining to permanent spousal support. Rather, the judgment affirmed the spousal support award and stayed it until the appeal was resolved.

In staying the permanent spousal support order and ordering Dennis to pay temporary support, the family court exercised its authority under section 3600 to grant Marsha temporary support pending resolution of the appeal. (*In re Marriage of Horowitz* (1984) 159 Cal.App.3d 377, 382 [if an appellant posts a bond to stay spousal support on appeal from the support order, the respondent may move for temporary support pending appeal, which the court could order on a finding of changed circumstances].)[11] When we

---

[10]     Trial and appellate courts have the power to issue discretionary stays pending an appeal. (*Daly v. San Bernardino County Bd. of Supervisors* (2021) 11 Cal.5th 1030, 1039; Code Civ. Proc., §§ 918, 923.)

[11]     Since no appeal was taken from the order for temporary support pending appeal, the issues determined by the order are res judicata. (*In re Marriage of Gruen*, *supra*, 191 Cal.App.4th at p. 638.)

15.

resolved Dennis's appeal in June 2019 by affirming the permanent spousal support order, we renewed the efficacy of the permanent spousal support order throughout the appeal's pendency. (*In re Marriage of Horowitz*, *supra*, 159 Cal.App.3d at p. 382.)

When the appellate decision issued, Marsha's July 2018 request for order was pending before the family court. Unfortunately, due to various circumstances, including Dennis's requests to change venue, his appeal of an order denying one of those requests, and the COVID-19 pandemic, Marsha's request for order was not heard until 2022, when a three-day hearing was held before Commissioner Khoury. That commissioner issued a ruling, finding that Marsha's July 2018 request for order was a post judgment request to modify permanent spousal support that the family court ordered in March 2017, which was affirmed on appeal, and there was not a material change in circumstances since the March 2017 order to justify modifying the $2,000 per month in permanent spousal support. The ruling, however, never took effect, as an order, which ruling directed Marsha to prepare, was never entered. Rather, Dennis moved for reconsideration and the presiding judge found the matter had to be retried because the commissioner apparently was unavailable to hear the motion and set the matter for rescheduling.

Thereafter, the parties stipulated before Commissioner Robertson, to whom the case had been assigned, to vacate Dennis's motion for reconsideration and hold a new hearing. At the subsequent hearing, Commissioner Robertson found the only issue before the court was Marsha's July 2018 request for order, ruled the appellate court finally determined the issue of permanent spousal support when we affirmed the March 2017 order setting permanent spousal support at $2,000 per month, and set permanent spousal support at that amount. While the family court had equity jurisdiction to refuse to enforce the stayed order, it chose not to exercise that jurisdiction. (*In re Marriage of Horowitz*, *supra*, 159 Cal.App.3d at p. 382.)

Dennis argues the family court erred in setting the permanent spousal support at $2,000 per month because there was no written, signed, or filed permanent spousal

16.

support order. He contends the March 2017 order was not an effective order because it was not included in the judgment. Dennis reasons the judgment superseded the March 2017 order, and because the judgment did not contain a written spousal support order there was no effective permanent spousal support order. But, as we have explained, the March 2017 order was effective because it was entered into the family court's minutes and was found to be an appealable order. The judgment did not supersede the order because the judgment effectively imposed support, although it did not include an amount, and then stayed it.

Dennis asserts Commissioner Khoury recognized that the March 2017 order was not effective because it was not entered into the judgment and decided to hold a trial to perform a new permanent spousal support analysis using the section 4320 factors. Dennis, however, moved for reconsideration which ultimately erased the findings and orders of Commissioner Khoury. The proceedings before Commissioner Khoury are irrelevant to whether Commissioner Robertson erred because the parties stipulated to a new hearing, which included new trial briefs, exhibit and witness lists, and updated income and expense declarations.[12]

Dennis contends that when the matter was reheard before Commissioner Robertson, the family court was required to consider the section 4320 factors before issuing the permanent spousal support order. But the family court considered those factors in March 2017, when the order for permanent spousal support was made. Since the only issue before Commissioner Robertson was whether to reimpose the original support order, it was not required to apply the section 4320 factors.

---

[12]  Moreover, despite what Commissioner Khoury stated at the outset of the hearing, he ultimately decided the $2,000 per month permanent spousal support order made in March 2017 was the permanent spousal support order, and the issue before it was whether that order should be modified. A trial judge's oral opinion discussing and purporting to decide the issues is merely an informal statement of the judge's views and is not the court's decision. (*Collins v. Hertz Corp.* (2006) 144 Cal.App.4th 64, 77–78.)

17.

Dennis asserts that even if the March 2017 ruling was an effective order, he requested a new section 4320 analysis based on changed circumstances. But he cites to his statement to Commissioner Khoury, not to anything he told Commissioner Robertson at the rehearing. Even if Dennis asked Commissioner Robertson to determine permanent spousal support anew, the commissioner rejected his request when he determined the appellate court finally determined the issue of spousal support and reimposed the $2,000 per month permanent spousal support order. This was not erroneous or an abuse of discretion, as our decision renewed the efficacy of the permanent spousal support provisions throughout the pendency of the appeal. (*In re Marriage of Horowitz, supra*, 159 Cal.App.3d at p. 382.)

Dennis asserts the presiding judge's finding that a retrial was required implies that the judge agreed a full section 4320 analysis was required. The minute order, however, does not imply any such thing—it was limited to a finding that a rehearing was required and set the matter for rescheduling. Nothing in the minute order suggests the presiding judge dictated the issues for rehearing. Moreover, on January 18, 2023, the parties stipulated to vacate Dennis's motion for reconsideration and to rehear the matter, which was held before the new commissioner.

Finally, Dennis contends the amount of permanent spousal support was unreasonable considering the section 4320 factors. But the amount of permanent spousal support was not at issue, as that amount was determined in March 2017, when the family court considered the section 4320 factors. That determination became final when we affirmed the permanent spousal support award on Dennis's appeal.

In sum, Dennis has not shown that the family court erred in reimposing permanent spousal support of $2,000 per month.

III.    **The Determination of Arrearages**

Dennis also challenges the family court's finding that he owed $88,538.05 in arrears for retirement and spousal support payments. He contends the court abused its

discretion because (1) its decision was based on the March 2017 order for permanent spousal support, which was not included in the judgment; (2) he was ordered to pay temporary support rather than permanent support; and (3) Marsha's counsel and Commissioner Khoury stated in March 2022 that Dennis had paid all spousal support and did not owe arrears.

### A. The Law on Arrearages

A motion to determine arrearages "is a 'species of declaratory judgment or accounting unconnected with any specific enforcement of the support obligation.' " (*Brubaker v. Strum* (2023) 87 Cal.App.5th 497, 508.)  A family court has the authority "to determine whether any arrearages exist and, if so, the amount due." (*In re Marriage of Sabine & Toshio M.* (2007) 153 Cal.App.4th 1203, 1214.)  The determination of arrearages " ' "rests upon an existing order rendered in a family law action," ' " and is " 'treated as a money judgment' enforceable under section 290." (*Brubaker*, at p. 508.)

Since a motion to determine arrearages is based on an existing family court order, it is not an impermissible effort to retroactively modify support.  (*In re Marriage of Robinson* (1998) 65 Cal.App.4th 93, 98; *In re Marriage of Trainotti* (1989) 212 Cal.App.3d 1072, 1075 [considering whether debtor satisfied obligation imposed by original order does not violate prohibition against retroactive modification of a support award].)[13]  The family court has "equitable discretion to determine whether and to what extent the original support provision should be enforced by execution." (*In re Marriage of Sandy* (1980) 113 Cal.App.3d 724, 728.)  Thus, when a permanent spousal support award is affirmed on appeal, the family court nevertheless retains equity jurisdiction to refuse to enforce the stayed order.  (*In re Marriage of Horowitz, supra*, 159 Cal.App.3d at p. 382.)

---

[13]    Generally, an order modifying or terminating a support order may be made retroactive only to the date of the filing of the notice of motion or order to show cause to modify or terminate support.  (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 312; § 3653, subd. (a).)

### B.    Analysis

The family court found that Dennis owed $88,538.05 in arrears, which consisted of retirement and spousal support payments.  Neither the minute order of the hearing nor the findings and order after hearing show how the family court calculated the total amount, including what part of the calculation is due to arrears for spousal support and whether that was based on the $2,000 per month spousal support order.  Notably, Dennis does not challenge the trial court's calculation or that he owed arrearages for Marsha's share of his retirement.  Rather, he contends the arrearages could not be based on the $2,000 per month spousal support order.

Based on the above authorities, to assess arrearages there must be a written order.  Dennis contends he was never ordered to pay spousal support of $2,000 per month, and therefore the arrearages cannot be based on that amount, because:  (1) the March 2017 order was not an effective order, as it was superseded by the judgment; and (2) the judgment is uncertain because a support order was not written into it.  He asserts the only signed order for support from January 2018 to March 2022, required him to pay $1,039 per month, and he did not owe arrears on this amount because he was paid up on his arrears and he consistently paid $1,309 per month through wage garnishment.  Dennis argues that even if the March 2017 order was a permanent spousal support order, it was superseded by the subsequent orders that required him to pay $1,039 per month.

As we explained above, the March 2017 minute order set permanent spousal support at $2,000 per month.  That order was an appealable order, which Dennis appealed.  Thus, Dennis was aware that an order for $2,000 per month in permanent spousal support had been made.  The judgment essentially ordered and then stayed spousal support.  While the judgment did not contain an amount for support, by staying the prior support order, the family court certainly intended to stay the $2,000 per month it previously ordered.  Since there was an order for $2,000 per month in permanent spousal support, the family court could use that order to assess spousal support arrears, although

20.

the court could refuse to enforce the stayed order. (*In re Marriage of Horowitz*, *supra*, 159 Cal.App.3d at p. 382.)

Dennis asserts Marsha's counsel and Commissioner Khoury conceded the judgment did not contain a written spousal support order, citing to an exchange between Marsha's counsel and the commissioner at the March 2022 hearing. The exchange shows no such thing. Marsha's counsel merely stated that the family court "lined out" the section on spousal support and Dennis was required to pay the original temporary support ordered until the appeal ended, while the commissioner stated the issue before it was future spousal support. Although the commissioner commented at the outset of the hearing that there was no spousal support order attached to the judgment and he did not believe the spousal support order was ever made final or included in the judgment, the commissioner ultimately ruled the issue before it was a postjudgment request to modify the $2,000 permanent spousal support order.[14] And although Marsha's counsel stated that spousal support was paid, presumably based on the temporary order of $1,039 per month, the attorney stated Marsha's share of Dennis's retirement had not been paid. More importantly, the proceedings before Commissioner Khoury and his findings are irrelevant to this appeal, as we are reviewing Commissioner Robertson's findings and orders.

Dennis also asserts the postjudgment orders for $1,039 per month in temporary spousal support superseded the March 2017 order for permanent spousal support. The postjudgment orders for temporary support, however, were made pursuant to Marsha's motion for temporary support pending appeal, and were intended to be effective only until the appeal was resolved. Once we affirmed the permanent spousal support order, the family court had the discretion over whether to enforce the stayed order. (*In re Marriage of Horowitz*, *supra*, 159 Cal.App.3d at p. 382.)

---

[14] Moreover, as we have explained, a trial judge's oral opinion discussing and purporting to decide the issues is merely an informal statement of the judge's views. (*Collins v. Hertz Corp.*, *supra*, 144 Cal.App.4th at pp. 77–78.)

21.

Dennis asserts he cannot be ordered to pay arrears based on an order that was never written, signed, or filed, comparing his case to *In re Marcus*, *supra*, 138 Cal.App.4th 1009. There, the appellate court held that a trial court's oral order was insufficient to support a civil contempt finding. (*Id.* at p. 1015.) Instead, to avoid the uncertainty that may arise when attempting to enforce an oral ruling, a written order that is either signed by the judge and filed with the court or that is set forth in detail in the court's minutes is required. (*Id.* at pp. 1015–1016.) Even if that case is applicable here, the March 2017 order of permanent spousal support was a written order that was set forth in detail in the court's minutes. Therefore, that order could serve as a basis for assessing arrears.

Finally, Dennis asserts the family court was required to consider Marsha's needs and his ability to pay during the retroactive period from 2017 to 2023, and to articulate its reasons for granting retroactive support, citing *In re Marriage of Cheriton*, *supra*, 92 Cal.App.4th at page 313. There, the appellate court stated it could not ascertain whether the trial court properly exercised its discretion, by considering the supported spouse's needs and supporting spouse's ability to pay, when it refused to modify temporary spousal support retroactive to the date the wife filed her modification motion because it did not articulate its reasons for not doing so. (*Id.* at pp. 312–313.) Accordingly, the appellate court remanded the issue of retroactive temporary spousal support for the trial court to reconsider its order considering the husband's ability to pay and the wife's need for support. (*Id.* at p. 320.)

Here, the family court was not required to consider Marsha's needs or Dennis's ability to pay as it did not grant retroactive support. Rather, it found Dennis owed arrears based on effective orders for permanent spousal support and for Marsha's share of his retirement. Dennis has not shown that the family court erred in doing so. Accordingly, we affirm the family court's finding that Dennis owed arrears for spousal support and retirement.

## DISPOSITION

The August 17, 2023 findings and order is affirmed.  Marsha shall recover her costs on appeal.

                                                    DE SANTOS, J.

WE CONCUR:

HILL, P. J.

FAIN, J.*

---

\*     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.